| | |
|---|---|
| 1 | MICHAEL E. PRANGLE, ESQ. |
|   | Nevada Bar No. 8619 |
| 2 | KENNETH M. WEBSTER, ESQ. |
|   | Nevada Bar No. 7205 |
| 3 | HALL PRANGLE & SCHOONVELD, LLC |
|   | 777 North Rainbow Blvd., Suite 225 |
| 4 | Las Vegas, Nevada, 89107 |
|   | *(702) 889-6400 - Office* |
| 5 | *(702) 384-6025 - Facsimile* |
| 6 | *Attorneys for Summerlin Hospital* |

UNITED STATES DISTRICT COURT,

DISTRICT OF NEVADA

| | |
|---|---|
| KATHLEEN SHINN and RICHARD SHINN, Individually, as Heirs and as Personal Co-Administrators of the Estate of ALYSSA SHINN, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BAXA CORPORATION; MCKESSON CORPORATION, a Delaware Corporation; DOES 1 through 50, and ROE CORPORATIONS 1 through 20; | Case No.: 2:07-CV-01648-JCM-PAL<br><br>**SUMMERLIN HOSPITAL MEDICAL CENTER'S MOTION TO INTERVENE AND FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

COMES NOW SUMMERLIN HOSPITAL MEDICAL CENTER, LLC, d/b/a SUMMERLIN HOSPITAL MEDICAL CENTER (hereinafter referred to as "Summerlin Hospital"), by and through its counsel of record, of the law firm of HALL PRANGLE & SCHOONVELD, and pursuant to the Federal Rules of Civil Procedure, Rule 24, and moves this Court for an Order allowing Summerlin Hospital to Intervene and simultaneously an Order Granting Good Faith Settlement between Summerlin Hospital and Plaintiffs for the settlement reached between Plaintiffs and Summerlin Hospital.

This Motion is based on the following Points and Authorities, the pleadings and papers on file herein, and the arguments of counsel at the time of hearing of this matter.

DATED this ___ day of April, 2008.

HALL PRANGLE & SCHOONVELD, LLC

_____
MICHAEL E. PRANGLE, ESQ.
Nevada Bar No. 8619
KENNETH M. WEBSTER, ESQ.
Nevada Bar No. 7205
HALL PRANGLE & SCHOONVELD, LLC
777 North Rainbow Blvd., Suite 225
Las Vegas, NV 89107
*Attorneys for Summerlin Hospital*

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs and Summerlin Hospital reached a settlement prior to Plaintiffs filing a formal Complaint in District Court and therefore, Summerlin Hospital moves this Court for an order permitting Summerlin to intervene and for an order granting good faith settlement. Although the matter was settled during the pre-litigation phase of this case, there was extensive investigation conducted by each of the parties as well as the Pharmacy Board for the State of Nevada.

### II.

### ARGUMENT

A. **Summerlin Hospital has an interest relating to the same subject of this action and, therefore, intervention is appropriate.**

FRCP 24. (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a

-2-

practical matter impair or impede the movant's ability to protect its
interest, unless existing parties adequately represent that interest.

Plaintiff's allegations in the above-captioned matter arise out of the exact same incident and related medical care for which Summerlin Hospital was involved with Plaintiff in pre-litigation settlement negotiations. Summerlin Hospital merely seeks to intervene for the sole purpose of obtaining an order for determination of good faith settlement to preclude claims for contribution and/or indemnity by Defendants or any other party. Summerlin Hospital's intervention in the instant matter will not delay or prejudice the adjudication of the rights of the original parties.

**B.     The settlement between Plaintiffs and Summerlin Hospital was made in good faith**

Plaintiffs and Summerlin Hospital reached a pre-litigation settlement agreement in relation to the alleged wrongful death of Plaintiff's daughter, Alyssa Shinn. The allegations against Summerlin Hospital are similar to those against Baxa Corporation, and McKesson Corporation in the instant matter.

Plaintiffs and Summerlin Hospital have reached a settlement after extensive negotiations. The proposed settlement represents significant compromise by both Plaintiffs and Summerlin Hospital. All parties to this litigation are aware of the facts and circumstances which give rise to the instant litigation. The parties are also well aware of the respective theories of liability and defenses thereto. Although no formal litigation discovery was commenced in the matter, a full evidentiary hearing was held before the Nevada State Board of Pharmacy wherein extensive testimony was given by employees of Summerlin Hospital as well as by the Shinns. In addition, the story received fairly significant local and national media attention.

In In re MGM Grand Hotel Fire Litigation, 570 F.Supp. 913, 927 (D.Nev. 1983), the Nevada Federal District Court embraced the following factors in evaluation good-faith issues:

>The amount paid in the settlement;
>
>The allocation of the settlement proceeds among the plaintiffs;
>
>The insurance policy limits of settling defendants;
>
>The financial condition of the settling defendants; and
>
>The existence of collusion, fraud or tortuous conduct aimed to injure the interest of non-settling defendants.

In <u>Velsicol Chemical v. Davidson</u>, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991), the Nevada Supreme Court chose not to adopt the MGM factors for determination of good or bad faith. The Nevada Supreme Court left the determination to the sound discretion of the trial court and granted wide latitude by providing for a standard of abuse of discretion upon review. However, in <u>The Doctors Co. v. Vincent</u>, 120 Nev. 644, 98 p.3d 681 (2004), the Nevada Supreme Court stated the trial court could consider the MGM factors and again noted the trial court would be vested with considerable discretion.

The terms of the settlement in this case are sensitive and subject to a strict confidentiality provision. It is requested the Honorable Court enter an order allowing the Settlement Agreement and Release to be filed either under seal or that it be submitted for *in camera* inspection. Upon review, the Court will see that in light of the damage caps applicable in this case, the settlement terms were reached with a full and fair understanding of the facts and that the settlement was reached in good faith. In applying the MGM factors to the instant matter leads only to the conclusion that the proposed settlement between Plaintiffs and Summerlin Hospital is in good faith.

## III.
## CONCLUSION

Based upon the forgoing, Summerlin Hospital respectfully requests their Motion to Intervene and their Motion for Determination of Good Faith Settlement be granted and any and all claims for contribution and/or indemnity be forever barred.

DATED this ____ day of April, 2008.

> HALL PRANGLE & SCHOONVELD, LLC
>
> _____
> MICHAEL E. PRANGLE, ESQ.
> Nevada Bar No. 8619
> KENNETH M. WEBSTER, ESQ.
> Nevada Bar No. 7205
> HALL PRANGLE & SCHOONVELD, LLC
> 777 North Rainbow Blvd., Suite 225
> Las Vegas, NV 89107
> *Attorneys for Summerlin Hospital*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____1____ day of April, 2008 a true and correct copy of the foregoing SUMMERLIN HOSPITAL MEDICAL CENTER, LLC, d/b/a SUMMERLIN HOSPITAL MEDICAL CENTER'S MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT was served via U.S. First-Class Mail, postage prepaid, addressed as follows:

Kerry L. Earley, Esq.
RICHARD HARRIS LAW FIRM
801 S. 4th St.
Las Vegas, NV 89101
*Counsel for Plaintiffs*

Nicholas M. Wieczorek, Esq.
MORRIS POLICH & PURDY, LLP
3930 Howard Hughes Pkwy, Ste. 360
Las Vegas, NV 89169
*Counsel for Defendant Baxa*

Anthony D. Lauria, Esq.
LAURIA, TOKUNAGA, GATES & LINN, LLP
601 S. 7th St.
Las Vegas, NV 89101
*Counsel for McKesson*

/s/ James Phillips
An Employee of Hall Prangle & Schoonveld