1  NICHOLAS M. WIECZOREK
   State Bar No. 006170
2  JEANINE OLIVARES NAVARRO
   Nevada Bar No. 10174
3  **MORRIS POLICH & PURDY LLP**
   3930 Howard Hughes Parkway, Suite 360
4  Las Vegas, Nevada  89169
   Telephone:   (702) 862-8300
5  Facsimile:   (702) 862-8400
6  Attorney for Defendant
   BAXA CORPORATION
7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10
   KATHLEEN SHINN and RICHARD          Case No.:   2:07-CV-01648-JCM-PAL
11 SHINN, Individually, as Heirs and as
   Personal Co-Administrators of the Estate of
12 ALYSSA SHINN, Deceased,
                                       **DEFENDANT BAXA CORPORATION'S**
13                    Plaintiff,        **SUPPLEMENTAL RESPONSE TO**
                                       **SUMMERLIN HOSPITAL'S MOTION TO**
                                       **INTERVENE AND MOTION FOR**
14 vs.                                  **DETERMINATION OF GOOD FAITH**
                                       **SETTLEMENT**
15 BAXA CORPORATION; MCKESSON
   CORPORATION, a Delaware Corporation;
16 DOES 1 through 50, and ROE
   CORPORATIONS 1 through 20;
17
                     Defendants.
18

19       Defendant BAXA CORPORATION (hereinafter "BAXA"), by and through its counsel of

20 record Morris Polich & Purdy, LLP, hereby submits the following Supplemental Response in

21 Opposition to Summerlin Hospital's Motion to Intervene and Motion for Determination of Good Faith

22 Settlement.

23 . . .

24 . . .

25 . . .

26 . . .

27 . . .

28 . . .

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S
MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1    This Motion is made and based upon the pleadings and papers on file with the Court, the

2    Memorandum of Points and Authorities, and any oral argument this Court may entertain at the time of

3    the hearing on the instant motion.

4         DATED this _25_ day of June, 2008.

5                                        **MORRIS POLICH & PURDY LLP**

6

7

8                                        By:_____
                                          NICHOLAS M. WIECZOREK
9                                         Nevada Bar No. 006170
                                          JEANINE OLIVARES NAVARRO
10                                        Nevada Bar No. 10174
                                          3930 Howard Hughes Parkway, Suite 360
11                                        Las Vegas, Nevada  89169
                                          Attorney for Defendant BAXA CORPORATION
12

13                        **MEMORANDUM OF POINTS AND AUTHORITIES**

14   **I.     OPENING SUMMARY OF ARGUMENT**

15        On June 18, 2008 the plaintiffs and defendant Baxa Corporation engaged in a session of

16   voluntary mediation in this matter.  At the conclusion of that mediation, a tentative settlement

17   agreement was reached whereby Baxa has agreed to settle its claims with the plaintiffs in exchange

18   for a monetary payment plus future cooperation and dealings between the plaintiffs and Baxa with

19   respect to efforts to prevent future occurrence similar to the one which took the life of the infant

20   Alyssa Shinn.

21        Although plaintiffs and Baxa have resolved their claims, Baxa still intends to pursue

22   Summerlin Hospital Medical Center for indemnity and contribution pertaining to that settlement.

23   In this context, Baxa continues to assert that Summerlin's motion to intervene/motion for good

24   faith settlement determination is inadequate and improperly documented.  Despite the fact the

25   Summerlin has produced a copy of its settlement agreement with plaintiffs pursuant to this Court's

26   order, Summerlin still has not disclosed important documents relating to its management of its

27   pharmacy at the time of Alyssa Shinn's death, as well as information relevant to Baxa's

28   contractual relationship with Summerlin and the responsibility and culpability of Summerlin in

     Alyssa Shinn's death.

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S
MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1        Baxa asserts that Summerlin's motion for good faith settlement determination should be

2  denied, without prejudice, due to Summerlin's continuing failure to respond to a subpoena for

3  production of documents properly served by Baxa, as well as upon the fact that its overall

4  settlement with the Shinns may not be reflective of case value pursuant to the facts of the case and

5  Summerlin's culpability.

6  **II.    NEVADA'S MEDICAL MALPRACTICE CAP DOES NOT APPLY**

7        Throughout its underlying motion and Reply brief, Summerlin Hospital presumptively assumes

8  that Nevada's medical malpractice damage cap would be applicable to every possible claim against it.

9  In fact, Summerlin Hospital concludes that "the potential damage exposure in this case is limited by

10  statute," and boasts that "the amount of the settlement, in comparison to the damage cap, provides an

11  almost *per se* basis for making a determination that the settlement was reached in good faith." (See

12  Summerlin Hospital's Reply Brief, page 6).  However, Summerlin Hospital's assumption is simply

13  unsupported by Nevada law.

14        Summerlin Hospital knows that the applicability of the damage cap to this case is uncertain – if

15  it were certain, then why would it settle for more than the cap?  While it is true that NRS 41A.035

16  provides that "[i]n an action for injury or death against a provider of health care based upon

17  professional negligence, the injured plaintiff may recover noneconomic damages, but the amount of

18  noneconomic damages awarded in such an action must not exceed $350,000," the cap is specifically

19  applicable only to compensatory "*noneconomic* damages" in an action of "*professional negligence*"

20  against "*a provider of health care*."  Here, the Shinn family held claims for negligent hiring and

21  negligent training against pharmacists involving various damages including non-compensatory

22  damages.  Even more, given that the medical malpractice cap is relatively new in Nevada (as pointed

23  out by Summerlin Hospital itself on page 6 of its Reply brief), the cap has not yet been tested in

24  Nevada's courts.

25        Indeed, the applicability of the cap is less certain than Summerlin Hospital would like to

26  believe.  Consider the following challenges to the applicability of the medical malpractice cap to this

27  case:

28  . . . . .

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S**
**MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1    **1.        Nothing in Nevada's medical malpractice statutes specifically address whether**

2    **negligent hiring and/or negligent training claims are triggered by the medical malpractice**

3    **cap.**

4    In this case, plaintiffs had legitimate claims of negligent hiring and/or negligent training.

5    Indeed, after a thorough investigation, the Nevada State Board of Pharmacy explicitly found that

6    Summerlin Hospital's pharmacists were "so poorly trained and unknowledgeable" and that their

7    "ignorance was profound", and that "Summerlin Pharmacy had been told by its staff about concerns

8    with Ms. Cornelius' competence and ignorance, but, nonetheless, Ms. Cornelius was allowed to

9    compound TPNs by Summerlin Pharmacy". (See Exhibit "A" of Baxa's Response, pages 4-5). The

10   facts supported potential negligent hiring and/or negligent training causes of action.

11   In Nevada, the tort of negligent hiring imposes a general duty on an employer to conduct

12   reasonable background checks on potential employees to ensure that employee is fit for the position.

13   Hall v. SSF, Inc., 112 Nev. 1384, 930 P.2d 94 (1996).  The employer breaches this duty when it hires

14   an employee even thought the employer knew, or should have known, of an employee's dangerous

15   propensities.  Id.

16   According to the explicit language of Nevada's medical malpractice statute, the cap referenced

17   by Summerlin Hospital's Motion for Good Faith is only applicable to actions of "professional

18   negligence." (NRS 41A.035).  According to NRS 41A.015, "The term [professional negligence] does

19   not include services that are outside the scope of services for which the provider of health care is

20   licensed or services for which any restriction has been imposed by the applicable regulatory board or

21   health care facility."  Here, Summerlin Hospital's status as a general employer of pharmacists is

22   "outside the scope of services for which a provider of health care is licensed".  In a negligent hiring

23   tort, the duty breached is the general duty of an employer to conduct a reasonable background check.

24   This duty is entirely distinct from the professional duty a doctor owes to his patients that are

25   considered in professional negligence actions.

26   This negligent hiring, negligent training and negligent employee monitoring by Summerlin

27   Hospital directly jeopardized Baxa Corporation in the death of Alyssa Shinn.  As evidenced by the

28   litigation and ultimate settlement between the plaintiffs and Baxa, the gross incompetence of the

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S**
**MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1   pharmacy staff at Summerlin Hospital forced Baxa into a position where it had to financially settle the

2   claims against it.  Baxa should be entitled to pursue Summerlin Hospital for indemnity and

3   contribution over its settlement with the plaintiffs in light of the fact that the only cause of the death of

4   Alyssa Shinn, as stated by evidence, was Summerlin's mismanagement of the pharmacy staff.

5         **2.**      **Nothing in Nevada's medical malpractice statutes specifically states whether**

6         **actions of negligence against pharmacists and pharmacist technicians trigger Nevada's**

7         **medical malpractice cap.**

8         Under NRS41A.035, the cap referred to by Summerlin Hospital in its Reply brief is only

9   applicable to actions against a "provider of health care." Specifically, under NRS 41A.017 a "Provider

10   of health care" is limited to "a physician licensed under Chapter 630 or 633 of NRS, dentist, licensed

11   nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed

12   psychologist, chiropractor, doctor of Oriental medicine, medical laboratory director or technician, or a

13   licensed hospital and its employees."  Importantly, pharmacists and pharmacy technicians are not

14   specifically identified as a "provider of health care" under NRS 41A.017.

15         Here, even though the pharmacists and pharmacy technicians involved might qualify as

16   "employees of a hospital" under the statute, such interpretation is fundamentally unfair.  Indeed, such

17   an interpretation would unfairly protect Summerlin Hospital's pharmacists and pharmacy technicians,

18   whereas those pharmacists employed by Walgreens or CVS would not be protected.  Moreover, such a

19   broad interpretation of the statute would protect almost any employee of Summerlin Hospital,

20   including security guards and janitors.  In this case, given that pharmacists and pharmacy technicians

21   are not specifically identified in the statute as a "provider of health care", it is unclear if the

22   pharmacists and pharmacy technicians that were involved in the death of Alyssa Shinn are protected

23   under Nevada's medical malpractice caps.

24         **3.**      **Even if the medical malpractice cap did apply, nothing in the statutes illustrate**

25         **how the cap is applied to each plaintiff.**

26         NRS 41A.035 provides that "[i]n an action for injury or death against a provider of health care

27   based upon professional negligence, **the injured plaintiff** may recover noneconomic damages, but the

28   amount of noneconomic damages awarded in such an action must not exceed $350,000." [Emphasis

DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S
MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

1    added]. Here, the instant action comprises of three separate plaintiffs: Kathleen Shinn, Richard Shinn,

2    and the estate of Alyssa Shinn. Arguably, each separate plaintiff qualifies as an "injured plaintiff". If

3    each plaintiff qualifies as "an injured plaintiff" under NRS 41A.035, then the *least* amount Summerlin

4    Hospital would have been liable for is $1,050,000 (three times $350,000). Therefore, Summerlin

5    Hospital settled for $50,000 *less* than the *least* amount of its exposure even with the applicability of

6    the cap.

7            **4.        The cap does not include punitive damages.**

8            It is well recognized under Nevada law that punitive damages are not compensatory in nature.

9    (See Bongiovi v. Sullivan, 112 Nev. 556, 138 P.3d 433)[Holding that punitive damages are designed

10   not to compensate plaintiff for harm suffered but, instead, to punish and deter defendant's culpable

11   conduct]. Here, the medical malpractice cap applies only to "noneconomic damages". NRS 41A.035.

12   NRS 41A.011 defines "noneconomic damages" as "damages to *compensate* for pain, suffering,

13   inconvenience, physical impairment, disfigurement and other nonpecuniary damages." (Emphasis

14   added.) As such, the medical malpractice cap applies only to compensatory damages, and does not

15   apply to punitive damages.

16           Summerlin Hospital admits that despite the medical malpractice cap, it "paid a premium"

17   settlement because it "recognized a potential for punitive allegations". (See Summerlin Hospital's

18   Request to File Its Settlement Agreement Under Seal, page 4). While Summerlin Hospital boasts that

19   plaintiffs' damages would have been statutorily capped at $350,000, in the same breath it readily

20   admits that it feared a punitive damages award. Because Summerlin Hospital faced liability for

21   punitive damages in excess of the medical malpractice cap, Summerlin Hospital's reliance on the

22   medical malpractice cap as basis for a finding of good faith is unpersuasive.

23           As illustrated above, it is uncertain whether the medical malpractice cap would have been

24   triggered in this case. It is further uncertain how the medical malpractice cap would have been applied

25   as between the three separate plaintiffs. What is certain is that Summerlin Hospital is the primary

26   party responsible for the death of Alyssa Shinn. Nothing in its motion argues otherwise. As such,

27   given the uncertainty of the applicability of the medical malpractice cap, Summerlin Hospital's

28   settlement amount with plaintiffs is insufficient.

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S
MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1    Although Baxa does not believe that plaintiffs were entitled to more than the settlement amounts

2    they have already received from the defendants, Baxa is aware of cases involving baby overdoses that

3    resulted in jury awards as high as $24,000,000. (See *Gregory & Darlene Saluti v. Dennis Lund, M.D.*,

4    1996 WL 33104185). In light of the potential multi-million dollar exposure to plaintiffs, Baxa

5    willingly participated in a mediation with the plaintiffs on June 18, 2008. As a result of the mediation,

6    Baxa agreed to settle with plaintiffs, with the intent to pursue third party contribution claims against

7    Summerlin Hospital. Here, if the Court grants Summerlin's motion for good faith settlement, Baxa

8    will be unjustly precluded from seeking contribution from the primary party at fault and responsible

9    for Alyssa Shinn's death, Summerlin Hospital. Defendant Baxa respectfully requests that this Court

10   deny Summerlin Hospital's unfair and inadequate motion for good faith settlement.

11   **III.    BAXA IS ENTITLED TO PURSUE ITS INDEPENDENT BREACH OF**

12   **CONTRACT CLAIMS AGAINST SUMMERLIN HOSPITAL**

13   Under the sales agreement between Summerlin Hospital and Baxa, Summerlin Hospital was

14   explicitly obligated to obtain insurance protecting Baxa from claims such as this lawsuit arising from

15   Summerlin's use of the Baxa compounder. (See Contract, previously attached as Exhibit "I"to Baxa's

16   Opposition). However, despite the clear and plain terms of that sales agreement, Summerlin Hospital

17   apparently failed to procure the required insurance that would have protected Baxa in the instant suit.

18   Summerlin Hospital's noncompliance with the insurance clause qualifies as a breach of contract.

19   Despite any finding of good faith, Baxa's breach of contract claims against Summerlin Hospital are

20   independent of any contribution claim triggered under NRS 17.245. Accordingly, a declaration that

21   Summerlin Hospital's settlement was made in good faith should not preclude Baxa from pursuing its

22   independent breach of contract claims against Summerlin Hospital.

23   **IV.    SUMMERLIN HOSPITAL HAS STILL FAILED TO ADEQUATELY RESPOND TO**

24   **BAXA'S DOCUMENT SUBPOENA, PRECLUDING BAXA FROM A FAIR AND**

25   **REASONABLE OPPORTUNITY TO CHALLENGE SUMMERLIN'S MOTION FOR**

26   **GOOD FAITH.**

27   To this date, Summerlin has still failed to adequately respond to Baxa's subpoena for

28   documents. As previously reported, after many extensions of time to respond, Summerlin Hospital

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S
MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1   finally submitted its partial and incomplete response to Baxa's subpoena on May 5, 2008.  Because

2   Summerlin Hospital's response to Baxa's subpoena was incomplete, counsel for Baxa forwarded

3   correspondence to Summerlin Hospital's counsel specifically identifying key documents that were

4   still missing, including Summerlin Hospital's Insurance Policy.  (See May 19 Correspondence,

5   attached to Affidavit of Nicholas M. Wieczorek as Exhibit "A").  Even more, in an effort to spark

6   Summerlin Hospital's compliance with its subpoena, Baxa was forced to re-notice the deposition

7   of Summerlin Hospital's Custodian of Records.  (See Deposition Notice, attached to Affidavit of

8   Nicholas M. Wieczorek as Exhibit "B").

9          Summerlin Hospital continues to fail to adequately respond to Baxa's subpoena.

10  Summerlin Hospital's failure to respond to Baxa's subpoena has effectively precluded Baxa from a

11  fair and reasonable opportunity to challenge Summerlin's Motion.  The most recent

12  communication between counsel for Summerlin and Baxa has taken place this very week.

13  Attached to the Affidavit of Nicholas M. Wieczorek as Exhibit "C" is correspondence from

14  Summerlin's attorney advising that additional documents has been identified, that they may be

15  produced in near term, and that these documents may in fact apply to Baxa's request for specific

16  insurance documentation which Summerlin is compelled to disclose as a matter of rule.  The letter

17  also indicates that Summerlin is temporarily suspending efforts to comply with other requests for

18  specific documents from Baxa, pending this hearing.  Should the Court be inclined to grant

19  Summerlin Hospital's Motion for Good Faith, Baxa respectfully requests that the Court continue

20  the hearing to:  1.  Provide Baxa with additional time to enforce its subpoena against Summerlin

21  Hospital; and 2. Provide Baxa with additional time to fairly oppose Summerlin Hospital's Motion

22  for Good Faith.

23  . . . . .

24  . . . . .

25  . . . . .

26  . . . . .

27  . . . . .

28  . . . . .

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S**
**MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1 | **V.    CONCLUSION.**

2      Summerlin Hospital fails to meet its burden in establishing that its settlement with plaintiffs

3 was made in good faith.  Baxa respectfully requests that this Court deny Summerlin Hospital's

4 Motion for Good Faith Settlement.

5      DATED this 2 ~~ day of June, 2008.

6                                     MORRIS POLICH & PURDY LLP

7

8                          By:

9                              NICHOLAS M. WIECZOREK
                               State Bar No. 006170
10                             JEANINE OLIVARES NAVARRO
                               Nevada Bar No. 10174
11                             3930 Howard Hughes Parkway, Suite 360
                               Las Vegas, Nevada  89169
12                             Attorney for Defendant BAXA
                               CORPORATION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S
MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1

**CERTIFICATE OF SERVICE**

2   I certify that I am an employee of Morris Polich & Purdy LLP, and that on this $24$ day

3   of June, 2008, I served a true and correct copy of the foregoing **BAXA CORPORATION'S**

4   **SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S MOTION TO**

5   **INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH**

6   **SETTLEMENT** as follows:

7   ( X )   by placing same to be deposited for mailing in the United States Mail, in a sealed

8   envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

9   (   )   to be hand-delivered to the attorneys listed below at the address indicated below:

10

11   Richard Harris, Esq.
Kerry Earley, Esq.
Richard Harris Law Firm

12   801 South Fourth Street
Las Vegas, Nevada  89101

13   Telephone:   (702) 385-1400

14   Facsimile:   (702) 385-9408
Attorneys for Plaintiffs

15

16   Michael E. Prangle, Esq.
Kenneth M. Webster, Esq.

17   Hall Prangle & Schoonveld, LLC
777 North Rainbow Boulevard, Suite 225

18   Las Vegas, Nevada  89107
Attorneys for Summerlin Hospital

19

20

21

22   _____
An Employee of Morris Polich & Purdy LLP

23

24

25

26

27

28

**DEFENDANT BAXA CORPORATION'S SUPPLEMENTAL RESPONSE TO SUMMERLIN HOSPITAL'S
MOTION TO INTERVENE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

1  NICHOLAS M. WIECZOREK
   State Bar No. 006170
2  JEANINE OLIVARES NAVARRO
   Nevada Bar No. 10174
3  **MORRIS POLICH & PURDY LLP**
4  3930 Howard Hughes Parkway, Suite 360
   Las Vegas, Nevada  89169
5  Telephone:   (702) 862-8300
   Facsimile:   (702) 862-8400
6  Attorney for Defendant
7  BAXA CORPORATION

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10  KATHLEEN SHINN and RICHARD SHINN,        Case No.: 2:07-CV-01648-JCM-PAL
11  Individually, as Heirs and as Personal Co-
    Administrators of the Estate of ALYSSA
12  SHINN, Deceased,
                                             **AFFIDAVIT OF NICHOLAS M.**
13                        Plaintiff,          **WIECZOREK IN SUPPORT OF**
                                             **DEFENDANT BAXA CORPORATION'S**
14  vs.                                      **SUPPLEMENTAL RESPONSE TO**
                                             **SUMMERLIN HOSPITAL'S MOTION**
15  BAXA CORPORATION; MCKESSON               **TO INTERVENE AND MOTION FOR**
    CORPOATION, a Delaware Corporation;      **DETERMINATION OF GOOD FAITH**
16  DOES 1 through 50, and ROE               **SETTLEMENT**
    CORPORATIONS 1 through 20;
17
                          Defendants.
18

19

20
    COUNTY OF CLARK            )
21                            ) ss.
    STATE OF NEVADA           )
22

23
        NICHOLAS M. WIECZOREK, being duly sworn, deposes and states:
24
        1.    I am an attorney, duly licensed to practice law in the State of Nevada, and am the
25
    attorney of record for defendant Baxa Corporation (hereinafter "Baxa") in the above-referenced
26
    matter.  The following facts are personally known to me and if called upon as a witness, I could and
27
    would competently testify to their accuracy.
28

                                    Page 1 of 2

2.      Attached as Exhibit "A" is a true and correct copy of correspondence dated May 19, 2008 from Nicholas M. Wieczorek to Kenneth M. Webster, Esq.

3.      Attached as Exhibit "B" is a true and correct copy of the Second Amended Notice of Taking Deposition Duces Tecum of Custodian of Records of Summerlin Hospital.

4.      Attached as Exhibit "C" is a true and correct copy of correspondence dated June 19, 2008 from Hall Prangle and Schoonveld to Nicholas M. Wieczorek.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this _ZZ_ day of June, 2008.

_____
Nicholas M. Wieczorek, Esq.

SUBSCRIBED and SWORN to before me

this __23__ day of June, 2008.

_____
Notary for said County and State

> NOTARY PUBLIC
> DEBORAH JEAN SUROWIEC
> STATE OF NEVADA · COUNTY OF CLARK
> MY APPOINTMENT EXP. OCT. 4, 2008
> No: 92-0253-1

# Exhibit "A"



**Morris
Polich &
Purdy**LLP

Landon Morris (1904-1991)

ATTORNEYS AT LAW
3930 Howard Hughes Parkway
Suite 360
Las Vegas, Nevada
89169
Ph: 702.862.8300
Fx: 702.862.8400
www.mpplaw.com

May 19, 2008

Writer's E-mail address:
nwieczorek@mpplaw.com

Via Facsimile and U.S. Mail
(702) 384-6025

Kenneth M. Webster, Esq.
Hall Prangle & Schoonveld, LLC
777 North Rainbow Boulevard, Suite 225
Las Vegas, Nevada 89107

>       Re:   ***Kathleen Shinn, et al. v. Baxa Corporation; McKesson Corporation, et al.***
>             Clark County District Court Case No.: A551575
>             MPP File No.: 1232-28305

Dear Mr. Webster:

I am writing to follow-up with respect to the partial document production made by Summerlin Hospital in response to Baxa's subpoena. On May 6, 2008 documents were delivered to this office purportedly in response to the subpoena.

In reviewing those documents we noted numerous omissions and the failure to disclose various documents, specifically as follows:

- Summerlin Hospital did not produce any contracts between UHS and McKesson or between Summerlin Hospital and McKesson or any documents related to their termination of relationship;

- With the exception of one 3-page "Policies and Procedures" memorandum related to the preparation of parenteral nutrition products, Summerlin Hospital did not produce any training materials or manuals or any other policies or procedures related to the pharmacy. In fact, while the following documents were *referred to and identified* in the documents that were produced, the following documents were not produced:
    - "Pharmacy Practice Standards Technician Packet" containing Summerlin Hospital's pharmacy practice standards.
    - "Pharmacy Policy and Procedure Manual"
    - "Nursing Policy and Procedure" relating to: Medication and Pharmacy, IV, Labor and Delivery and Code Team
    - "Baxa Manual"
    - "TPN standards"
    - "Pharmacy order forms"

- Summerlin Hospital failed to produce its settlement agreement with the Shinns;

Morris, Polich & Purdy, LLP

Kenneth M. Webster, Esq.
Hall Prangle & Schoonveld, LLC
**Re:    Kathleen Shinn, et al. v. Baxa Corporation; McKesson Corporation, et al.**
May 19, 2008

- No emails/correspondence or files of Timothy Egan, HR director, regarding the hiring and firing of Pam Goff and Asia Cornelius;

- No emails/correspondence or files of Joe Caputo, the person identified by pharmacists as their supervisor;

- No emails/correspondence or files received, written, or maintained by Gretta Woodington, the Director of Pharmacy;

- No emails/correspondence or memoranda regarding Summerlin Hospital's decision to switch to a Baxa Exacta Mix.

In addition, it appears that Summerlin is claiming that various documents related to its purchase, use and training surrounding the Baxa Compounder have been "discarded." We will be renoticing the deposition of a corporate witness for Summerlin in order to testify to the facts surrounding this apparent spoliation of potential evidence. Quite clearly, the hospital was well on notice of potential litigation arising from the death of Alyssa Shinn within a matter of hours or days following her death, and the hospital was obligated to take steps to preserve all potential documentation and evidence relevant to the matter. Furthermore, we question whether documents relating to the Baxa Compounder were in fact discarded, inasmuch as a Client Board Report dated December, 2007 prepared by Your Success RX Consulting references review of numerous documents, including a "Baxa Machine Manual," "TPN Standards," and "Internal Risk Assessment Report of Incident."

Finally, we note that you failed to produce any documents pertaining to insurance or insurance coverages of Summerlin Hospital and/or Baxa. We specifically requested production of that documentation in order to examine the contractual relationships between Baxa and Summerlin with respect to Summerlin's obligation to procure general liability insurance protecting Baxa against the claims made by the Shinn family in this lawsuit.

As you know, we are awaiting a hearing on Summerlin's motion for intervention/motion for good faith settlement determination. We have filed a response and opposition to that motion. We will advise the court in any supplemental filings whether Summerlin continues to cooperate with respect to compliance with the subpoena or appears to be dragging its feet with respect to production of documents. We will also be noticing the depositions of various hospital staff which we will deliver to you as counsel for Summerlin inasmuch as the depositions were originally noticed as part of the subpoena process. Please

Morris, Polich & Purdy, LLP

Kenneth M. Webster, Esq.
Hall Prangle & Schoonveld, LLC
**Re:    Kathleen Shinn, et al. v. Baxa Corporation; McKesson Corporation, et al.**
May 19, 2008


be reminded that you advised that you would obtain an affidavit from relevant individuals
within Summerlin Hospital attesting to the completeness of the documents produced
pursuant to the subpoena.  We have not yet seen any affidavits.


Very truly yours,

**Morris Polich & Purdy LLP**


Nicholas M. Wieczorek

NMW/lv020303

```
                        ******************************
                        ***   MULTI TX/RX REPORT   ***
                        ******************************

TX/RX NO          3060
PGS.              4
TX/RX INCOMPLETE  -----
TRANSACTION OK    (1)   3846025
                  (2)   3859408

ERROR INFORMATION -----
```



# Morris Polich & Purdy LLP

# Fax Transmittal

**TO:**

| NAME: | LOCATION: | FAX NUMBER: |
|---|---|---|
| Kerry L. Earley, Esq. | RICHARD HARRIS LAW FIRM | 385-9408 |
| Kenneth M. Webster, Esq. | HALL PRANGLE & SCHOONVELD, LLC | 384-6025 |

**CASE NAME:** *Kathleen Shinn v. Baxa Corporation, et al.*
United States District Court Case No. 2:07-cv-1648-JCM-PAL

**MP&P FILE NO:** 1232-28305

**SENT BY:** Nicholas M. Wieczorek, Esq.

**DATE:** May 19, 2008

**TOTAL NUMBER OF PAGES (including cover sheet):** _____ 4 _____

If you do not receive all the pages, please call Sender *IMMEDIATELY* at:

**MORRIS POLICH & PURDY LLP**
3930 Howard Hughes Parkway, Suite 360
Las Vegas, Nevada 89169
Telephone: (702) 862-8300  Facsimile: (702) 862-8400

**COMMENTS:**

Please see attached letter with cc: to Kerry L. Earley, Esq.

# Exhibit "B"

ORIGINAL

1   NICHOLAS M. WIECZOREK
    Nevada Bar No. 006170
2   JEANINE OLIVARES NAVARRO
    Nevada Bar No. 10174
3   **MORRIS POLICH & PURDY** LLP
    3930 Howard Hughes Parkway, Suite 360
4   Las Vegas, Nevada  89169
    Telephone:   (702) 862-8300
5   Facsimile:   (702) 862-8400
    Attorney for Defendant
6   BAXA CORPORATION
7

8                   **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10   KATHLEEN SHINN and RICHARD       Case No.:  2:07-CV-01648-JCM-PAL
11   SHINN, Individually, as Heirs and as
    Personal Co-Administrators of the Estate of
12   ALYSSA SHINN, Deceased,

13               Plaintiff,       **SECOND AMENDED NOTICE OF**
                              **TAKING DEPOSITION DUCES TECUM**
14   vs.                              **OF CUSTODIAN OF RECORDS OF**
                              **SUMMERLIN HOSPITAL**
15   BAXA CORPORATION; MCKESSON
16   CORPORATION, a Delaware Corporation;
    DOES 1 through 50, and ROE        Deposition Date:   July 1, 2008
    CORPORATIONS 1 through 20;        Deposition Time:  1:00 p.m.
17
              Defendants.
18

19          PLEASE TAKE NOTICE that on the 1st day of July, 2008, at the hour of 1:00 p.m., Defendant

20   Baxa Corporation, by and through its attorney of record, Nicholas M. Wieczorek, Esq. of Morris

21   Polich & Purdy LLP, will take the deposition duces tecum of the Custodian of Records of Summerlin

22   Hospital at the law offices of Morris Polich & Purdy LLP, 3930 Howard Hughes Parkway, Suite 360,

23   Las Vegas, Nevada 89169, upon oral examination, pursuant to Rules 26 and 30 of the Federal Rules of

24   Civil Procedure, before a Notary Public, or before some other officer authorized by law to administer

25   oaths.  You are required to produce the items requested in Exhibit "A" attached hereto at the time of

26   your deposition.

27   . . . . .

28

1        Oral examination will continue from day-to-day until completed.  You are invited to attend and

2    cross-examine.

3        DATED this _12_ day of June, 2008.

4                             MORRIS POLICH & PURDY LLP

6                             By: _____

7                             NICHOLAS M. WIECZOREK

8                             Nevada Bar No. 006170
                              JEANINE OLIVARES NAVARRO

9                             Nevada Bar No. 10174
                              3930 Howard Hughes Parkway, Suite 360

10                            Las Vegas, Nevada  89169
                              Attorney for Defendant BAXA CORPORATION

SECOND AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM OF
CUSTODIAN OF RECORDS OF MCKESSON CORPORATION

1

## CERTIFICATE OF SERVICE

2    I certify that I am an employee of Morris Polich & Purdy LLP, and that on this _13_ day

3    of June, 2008, I served a true and correct copy of the foregoing **SECOND AMENDED NOTICE**

4    **OF TAKING DEPOSITION DUCES TECUM OF CUSTODIAN OF RECORDS OF**

5    **SUMMERLIN HOSPITAL** as follows:

6    ( X )   by placing same to be deposited for mailing in the United States Mail, in a sealed

7           envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

8    ( )    to be hand-delivered to the attorneys listed below at the address indicated below:

9    Richard Harris, Esq.
10   Kerry L. Earley, Esq.
RICHARD HARRIS LAW FIRM
11   801 South Fourth Street
Las Vegas, Nevada 89101
12   Telephone:   (702) 385-1400
Facsimile:   (702) 385-9408
13   Attorneys for Plaintiffs

14   Kenneth M. Webster, Esq.
15   HALL, PRANGLE & SCHOONVELD, LLC
777 North Rainbow Bouleard, Suite 225
16   Las Vegas, Nevada 89107
Telephone:   (702) 889-6400
17   Facsimile:   (702) 384-6025
Attorneys for Summerlin Hospital Medical Center

18

19

20   _Abbie Simowen_
An Employee of Morris Polich & Purdy LLP

21

22

23

24

25

26

27

28

# EXHIBIT A

## Exhibit "A"

## I. DEFINITIONS

1.  "BAXA COMPOUNDER" refers to any and all hardware, software, peripheral devices, and supplies associated with, operated with, or used with any BAXA MICROMACRO 23 TPN COMPOUNDER, including, but not limited to, the following:

    a.  MicroMacro 23 TPN Compounder - Model MM23; 072(R)-RS232
    b.  Abacus Conversion Software
    c.  Pentium Computer, Monitor and Keyboard; 6400-0029
    d.  Okidata 320 Printer; 400-600320 (and/or Thermal Printer)
    e.  O'Haus Explorer Electronic Balance with Weight Plan; 6400-0009
    f.  Symbol Laser Barcode Reader; LT 1820; 6400-0947
    g.  Version 4.30 Operating Software; 6400-0025
    h.  Version 3.50 TPN-PC PLUS Software; 03-C
    i.  Pump Tube Set and Fluid Selector Valve
    j.  Secondary Fluid Selector Vavle
    k.  Inlet: Non-Vented High Volume for Bags or Vented Bottles
    l.  Inlet: Vented for Non-Vented Bottles
    m.  Inlet: Micro Volume for Small Vials
    n.  Inlet: Vented for lipids, NON-DEHP PVC
    o.  Needle Port Adapter
    p.  TPN Bags (250 mL, 500 mL, 1000 mL, 2000 mL, 3000 mL, 4000 mL).

2.  "ABACUS CONVERSION SOFTWARE" includes, but is not limited to, the Abacus Conversion Software which was installed and set up at Summerlin Hospital on September 18, 2006, and for which training was provided on September 18, 2006, and additionally went "live" on September 20, 2006.

## II.   ITEMS TO BE PRODUCED

1.  To the extent not already produced, any and all documents relating to any and all BAXA COMPOUNDER(S) hardware, software, and supplies including but not limited to any and all non-privileged discoverable contracts, agreements, notes, memoranda, correspondence, photographs, repair documents, diagrams, invoices, purchase orders, receipts, writings, daily logs, transmittals and any other document relating to a BAXA COMPOUNDER.

2.  To the extent not already produced, any and all documents relating to Summerlin Hospital's insurance coverage during the time period of 1/1/03 – 1/1/08, including but not limited to any and all non-privileged discoverable contracts, additional insured endorsements, certificates of insurance, agreements, notes, memoranda, correspondence, writings, Summerlin Hospital's general liability policies from 2003 through 2008, and Summerlin Hospital's property and casualty insurance from 2003 through 2008.

. . . .
. . . .
. . . .

3.    To the extent not already produced, any and all documents relating to the employment and training of the following Summerlin Hospital employees:

   a.   Pamela S. Goff
   b.   Nazanin Rezvan
   c.   Jackson Yu
   d.   Asia I. Cornelius
   e.   Gretta Woodington
   f.   Rebecca Weiss

4.    To the extent not already produced, any and all documents in the possession of Summerlin Hospital relating to the Nevada State Board of Pharmacy's investigation of the events related to ALYSSA SHINN'S death.

5.    To the extent not already produced, any and all documents relating to the use and operation of a BAXA COMPOUNDER (including any applicable hardware, software, and/or supplies operated with a BAXA COMPOUNDER), including but not limited to any and all training materials, instruction manuals, memoranda, correspondence, writings, logs, forms and any other document relating to the policies and procedures implemented by Summerlin Hospital regarding the use and operation of a BAXA COMPOUNDER.

6.    To the extent not already produced, any and all documents relating to Summerlin Hospital's policies and procedures for its pharmacy, including but not limited to those policies and procedures applicable to the compounding of total parenteral bags (TPNs), and those applicable to the use and operation of any pharmacy compounding device.

7.    To the extent not already produced, any and all documents, including but not limited to any and all training materials, instruction manuals, memoranda, correspondence, writings, logs, forms and any other document relating to Summerlin Hospital's use and operation of any compounders other than the BAXA COMPOUNDER.

8.    To the extent not already produced, any and all documents relating to the claim(s) brought forth by ALYSSA SHINN, KATHLEEN SHINN, and RICHARD SHINN against Summerlin Hospital, including but not limited to any and all discoverable and non-privileged agreements, notes, memoranda, correspondence, writings, reports and any other document relating to the investigation and settlement of the claims brought forth by ALYSSA SHINN, KATHLEEN SHINN, and RICHARD SHINN against Summerlin Hospital.

9.    To the extent not already produced, any and all documents relating to any other claims, actions and/or complaints made against Summerlin Hospital pharmacy, including any and all claims, actions and/or complaints relating to the use and operation of a BAXA COMPOUNDER.

# Exhibit "C"

**HPS** | Hall Prangle and Schoonveld LLC
Attorneys at Law

777 North Rainbow Boulevard, Suite 225
Las Vegas, Nevada 89107
P 702.889.6400
F 702.384.0025
www.hpslaw.com

David P. Ferrainolo, Esq.
dferrainolo@hpslaw.com
ADMITTED IN NEVADA AND PENNSYLVANIA

June 19, 2008

**<u>Via Facsimile Only</u>**
Nicholas M. Wieczorek, Esq.
MORRIS POLICH & PURDY, LLP
3930 Howard Hughes Pkwy, Ste. 360
Las Vegas, NV 89169

Re:     <u>Shinn v. Baxa</u>

Dear Mr. Wieczorek:

Pursuant to our conversation of today, it is my understanding that the deposition of Custodian of Records of Summerlin Hospital scheduled for July 1, 2008 will be taken off calendar. Also, at this juncture, we do not have to produce the documents requested in your May 19, 2008 correspondence except for the insurance policy for Summerlin Hospital and/or Baxa in effect during the period in question. I am working to get a copy of the insurance policy for Summerlin Hospital and will provide that to you as soon as possible.

This will also confirm that as of today, I received the following deposition notices for: Rezvan Nazanin, Pamela Goff, Gretta Woodington, Jackson Yu, Lupe Kim, Jennifer Kailiuli, and Rebecca Weiss. Although we did not discuss these notices at the time of our phone call, I am assuming that these depositions will not be going forward on July 1st, 2nd and 3rd.

If my understanding is not correct regarding the above, I ask that you please notify me in writing so that I can ensure we are on the same page going forward.

Thank you for your professional courtesy in this matter.

Sincerely,

HALL PRANGLE & SCHOONVELD, LLC

David P. Ferrainolo

DPF/trp

TOTAL P.002

# HALL, PRANGLE & SCHOONVELD, L.L.C.

| | | |
|---|---|---|
| 200 S. Wacker Dr., Ste. 3300 | 777 N. Rainbow Blvd., Ste. 225 | 136 E. S. Temple, Ste. 2450 |
| Chicago, Illinois 60606 | Las Vegas, NV 89107 | Salt Lake City, Utah 84111 |
| (312) 345-9600 – Office | (702) 889-6400 – Office | (801) 320-0900 - Office |
| (312) 345-9608 - Facsimile | (702) 384-6025 – Facsimile | (801) 320-0896 - Facsimile |

# FAX TRANSMISSION

| | |
|---|---|
| TO:  Nicholas Wieczorek, Esq. | FROM:  David P. Ferrainolo, Esq. |
| FAX: 862-8400 | Office No.:  (702) 889-640 |
| Case:  Shinn v. Baxa | |
| Case No.: 88-27 | Date:  06/19/08 |

Message:

| | PLEASE TAKE APPROPRIATE ACTION | | FOR YOUR REVIEW |
|---|---|---|---|
| | PURSUANT TO YOUR REQUEST | X | ORIGINAL WILL NOT FOLLOW IN MAIL |

If there are any problems with this transmittal, please call (702) 889-6400.  Thank you.

Sender:  ___Tamie Phillips___    Total number of pages, including cover:  2

This facsimile transmission is intended only for the addressee shown below. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and destroy the original.