NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
TRACY A. GALLEGOS
Nevada Bar No. 9023
**MORRIS POLICH & PURDY LLP**
3883 Howard Hughes Parkway, Suite 560
Las Vegas, Nevada 89169
Telephone:   (702) 862-8300
Facsimile:   (702) 862-8400
Email:  nwieczorek@mpplaw.com
Attorney for Defendant
BAXA CORPORATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHLEEN SHINN and RICHARD SHINN, Individually, as Heirs and as Personal Co-Administrators of the Estate of ALYSSA SHINN, Deceased, | Case No.:  2:07-CV-01648-JCM-PAL |
| Plaintiff, | |
| vs. | |
| BAXA CORPORATION; MCKESSON CORPORATION, a Delaware Corporation; DOES 1 through 50, and ROE CORPORATIONS 1 through 20; | **AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION** |
| Defendants. | |
| BAXA CORPORATION, | |
| Cross-Claimant, | |
| vs. | |
| SUMMERLIN HOSPITAL MEDICAL CENTER, LLC; SUMMERLIN HOSPITAL MEDICAL CENTER, LP; UHS HOLDING COMPANY, INC.; and DOES I-X and ROE CORPORATIONS I-X, | |
| Cross-Defendants. | |

1  SUMMERLIN HOSPITAL MEDICAL CENTER, LLC,

2                              Counterclaimant,

3  vs.

4  BAXA CORPORATION,

5

6                              Counter-Defendant.

## AGREED PROTECTIVE ORDER FOR THE
## PROTECTION OF CONFIDENTIAL INFORMATION

WHEREAS, the parties hereto have stipulated to the signing and entry of this Confidentiality Agreement for the Discovery of Confidential Information ("Confidentiality Agreement" or "Agreement"), and for good cause shown, IT IS HEREBY AGREED that each of the parties and their respective counsel shall be governed by the following terms and conditions concerning Confidential Information in the above-captioned action:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      This Order applies to all documents and other products of discovery, and all information derived therefrom, obtained by Cross-Claimant/Counter-Defendant, Baxa Corporation ("Baxa") or Cross-Defendant/Counter-Claimant Summerlin Hospital Medical Center, LLC ("Summerlin LLC), Cross-Defendant Summerlin Hospital Medical Center, LP ("Summerlin LLP"), or Cross-Defendant UHS Holding Company, Inc. ("UHS," and together with Summerlin LLC and Summerlin LLP, the "Summerlin Parties") (collectively, the "Parties"), pursuant to the requirements of any court order, or pursuant to requests under the applicable state or federal Rules of Civil Procedure, including but not limited to, Disclosure Statements, Supplemental Disclosure Statements, Answers to Requests for Admissions, Answers to Interrogatories and Requests for Production of Documents, documents subpoenaed and transcripts of depositions (hereafter "Discovery Material").

2.      The parties have agreed that Discovery Material will be used only for the litigation of actions in the above-captioned litigation ("Litigation'), including any appeals of this Litigation and for no other purpose without prior written approval from the Court or the prior written consent of the producing person. Confidential Discovery Material will not be disclosed except in accordance with paragraph 3

1   below.

2         3.     Persons producing Discovery Material may designate as Confidential Discovery Material

3   information containing trade secrets or other confidential research, development, or commercial

4   information; personnel files or any documents containing personnel information of any former or current

5   employees; any documents containing information about former or current patients; documents or

6   information containing proprietary matters including, without limitation, operations manuals, training

7   manuals, company employee handbooks, job descriptions, and/or other company policies or policies

8   related to the issues in this Litigation; or documents relating to investigations conducted in connection

9   with the matters at issue in the Litigation ("Confidential Discovery Material") to the extent that such

10  designation falls within the scope of discovery pursuant to the applicable Rules of Civil Procedure.

11        4.     Copies, extracts, summaries, notes, and other derivatives of Confidential Discovery

12  Material shall also be deemed Confidential Discovery Material and shall be subject to this Order.

13        5.     Confidential Discovery Material shall not be disclosed to anyone other than the following

14  categories of persons:

15              a.     The Court (including courts of review) and any person normally incident to

16              disclosure to the court;

17              b.     Court reporters, videographers, and their staffs engaged for depositions in this

18              action;

19              c.     Counsel for a party in this action, and secretaries, paralegals, law clerks, and other

20              staff employed by the offices of such counsel who are assisting in connection within this

21              Litigation;

22              d.     Court reporters (including persons operating video recording equipment at

23              depositions) and persons preparing transcripts of testimony to the extent necessary to

24              prepare such transcripts;

25              e.     Retained experts, advisors and consultants (including persons directly employed

26              by such experts, advisors and consultants), but only to the extent necessary to perform

27              their work in connection with this Litigation, provided that the proposed expert, advisor

28              or consultant: (1) is given a copy of this Order; and (2) signs an undertaking in the form

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

1    of Exhibit A hereto;

2        (i).        If the Summerlin Parties or their counsel wish to disclose information

3    designated by Baxa as Confidential Discovery Material to an expert, advisor, or

4    consultant who they are aware is currently an employee, officer, director,

5    contractor, subcontractor or consultant of any entity that is presently engaged in

6    the research, development, manufacture or sale of any medical device product that

7    competes with Baxa Corporation's MicroMacro™ 23 Compounder or its Abacus

8    Software, the Summerlin Parties or their counsel shall promptly so notify Baxa's

9    counsel, including with such notification a copy of the expert's curriculum vitae

10   prior to disclosing any Confidential Discovery Material to that expert, advisor or

11   consultant.

12        Within five (5) business days of receiving such notification and curriculum

13   vitae, Baxa's counsel shall notify the Summerlin Parties' counsel of any

14   objections to the disclosure of Confidential Discovery Material to the proposed

15   expert.

16        If an objection is made and not resolved by the parties, the party objecting to

17   disclosure shall file a motion (or letter to the Court) in support of that objection

18   within seven (7) business days of the objection.  Under no circumstances shall

19   Confidential Discovery Material be disclosed to an expert, advisor, or consultant

20   who the Summerlin Parties or their counsel is aware is currently an employee,

21   officer, director, contractor, subcontractor or consultant of any entity that is

22   presently engaged in the research, development, manufacture or sale of any

23   medical device product that competes with Baxa Corporation's MicroMacro™ 23

24   Compounder or its Abacus Software unless and until the parties resolve the

25   matter, the objection is withdrawn, or the Court permits disclosure;

26        (ii).        If Baxa or its counsel wishes to disclose information designated by the

27   Summerlin Parties as Confidential Discovery Material to an expert, advisor or

28   consultant who they are aware is an employee, officer, director, contractor,

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

subcontractor or consultant of any entity that is presently engaged in the operation or management of an acute care hospital, behavioral health facilities, or ambulatory care center that competes with any healthcare facility that is a subsidiary or affiliate of UHS, Baxa or its counsel shall promptly so notify the Summerlin Party's counsel, including with such notification a copy of the expert's curriculum vitae prior to disclosing any Confidential Discovery Material to that expert, advisor or consultant.

Within five (5) business days of receiving such notification and curriculum vitae, the Summerlin Party's counsel shall notify Baxa's counsel of any objection to the disclosure of Confidential Discovery Material to the proposed expert.

If an objection is made and not resolved by the parties, the party making the objection shall file a motion (or letter to the Court) in support of that objection within seven (7) business days of the objection.  Under no circumstances shall Confidential Discovery Material be disclosed to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the operation or management of an acute care hospital, behavioral health facilities, or ambulatory care center that competes with any healthcare facility that is a subsidiary or affiliate of UHS, unless and until the parties resolve the matter, the objection is withdrawn, or the Court permits disclosure;

g.    The author or recipient of the Confidential Discovery Material;

h.    Any party and non-party deponents or trial witnesses, if: (1) the attorney making the disclosure advises the witness that this Order bars the deponent from divulging Confidential Information and gives the witness a copy of this order; (2) the witness has agreed to abide by the terms of this Order as set forth in paragraph 2 and the disclosure is made in good faith; and (3) the Confidential Information is not left in the possession of the deponent, unless the deponent signs the undertaking in the form of Exhibit A hereto;

i.    Any mediator before whom the parties mediate the claims asserted in the above-

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

captioned action; and

  j. Such persons as the undersigned counsel shall consent to in writing before the proposed disclosure, so long as those persons: (1) are given a copy of this Order; and (2) sign an undertaking in the form of Exhibit A hereto.

6. Where counsel is required to obtain a signature on Exhibit A before disclosing Confidential Discovery Material to a person, that counsel shall retain the signed copy while this Litigation is pending. Executed undertakings in the form of Exhibit A shall be furnished to counsel for the parties to this action upon request.

7. a. Documents claimed by the producing party to contain Confidential Discovery Material shall, prior to production, be marked as "Confidential." Placement of the "Confidential" designation on each protected page when it is produced shall constitute notice to all other persons that the document contains Confidential Discovery Material (as defined herein).

  b. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition including all testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked confidential), shall be treated as confidential under this Protective Order. After the expiration of the 30-day period, only the specific page(s) and line number(s) and exhibits, designated as being confidential, if any, shall be treated as confidential.

  c. In the event that the producing person inadvertently fails to designate Discovery Material as confidential in this litigation, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated Discovery Material as Confidential Discovery material.

8. All individuals or entities receiving Confidential Discovery Material shall take all steps

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

1  reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in

2  accordance with the terms of this Order.

3       9.     Disclosure of Confidential Discovery Material other than in accordance with the terms of

4  this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may

5  deem appropriate.

6       10.    a.     If at any time a party wishes for any reason to dispute a designation of Discovery

7  Material as confidential hereunder, such party shall notify the designating party of such dispute in

8  writing, specifying the Discovery Material in dispute and the nature of the dispute.  If the parties are

9  unable amicably to resolve the dispute, the disputing party may apply by motion to the Court for a ruling

10 as to whether the designating Discovery Material may properly be treated as confidential.

11              b.     All Discovery Material designated as confidential under this Order, whether or not

12         such designation is in dispute pursuant to subparagraph 10(a) above, shall retain that designation

13         and be treated as confidential in accordance with the terms hereof unless and until:

14                   (i).     The producing party agree in writing that the material is no longer

15                   confidential and subject to the terms of this Order; or

16                   (ii).    This Court enters an Order that the matter shall not be entitled to

17                   confidential status and that Order is not subject to an appellate stay within twenty

18                   (20) days after it is issued.

19      11.    The parties shall negotiate in good faith before filing any motion relating to this Order.

20      12.    Any non-party may subscribe to the terms and protections of this Protective Order by

21 designating Discovery Materials that the non-party is producing (whether written documents, deposition

22 testimony, or other) as Confidential Discovery Materials, as set forth in paragraph 7.

23      13.    Any Confidential Discovery Material that is to be filed with the Court shall be submitted

24 pursuant to applicable rules.

25      14.    No disclosure pursuant to this paragraph shall waive any rights or privileges of any party

26 granted by this Order.

27      15.    This Protective Order shall not enlarge or affect the proper scope of discovery in this or

28 any other litigation and shall not imply that Discovery Material designated as confidential under the

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

terms of this Protective Order is properly discoverable, relevant or admissible in this or any other litigation.

16.     The entry of this Protective Order shall be without prejudice to the rights of the parties, or anyone of them, or of any non-party to assert or apply for additional or different protection at their discretion.

17.     All counsel of record in this litigation shall make a good, faith effort to comply with the provisions of this Protective Order and to ensure that their clients do so.  In the event of a change in counsel, retiring counsel shall advise new counsel of the existence of a Protective Order and provide new counsel with a copy of the Protective Order.

18.     The terms of this Order shall survive and remain in effect after the termination of this Litigation.  The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this Litigation.

19.     Within thirty (30) days of the termination of this Litigation as to the producing party, including all appeals, the parties shall return to counsel for the producing party the Confidential Discovery Material produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction.  Confidential Discovery Material that is maintained by counsel as an exhibit to a document that had been filed with the Court is not subject to this paragraph.

20.     If Confidential Material in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

1 | issued.

2 |       21.     Inadvertent production of documents subject to work-product immunity, the attorney-

3 | client privilege or other legal privilege protecting information from discovery shall not constitute a

4 | waiver of the immunity or privilege provided that the producing party shall promptly notify the receiving

5 | party in writing of such inadvertent production.  However, no use of such documents by the recipient(s)

6 | of those documents prior to such notification shall be deemed a violation of this Order.  If reasonably

7 | prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all

8 | notes or other work product reflecting the contents of such materials shall be returned to the producing

9 | party or destroyed, upon request, and such returned or destroyed material shall be deleted from any

10 | litigation-support or other database.  No use shall be made of such documents during deposition or at

11 | trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or

12 | destroy them, unless otherwise permitted by the Court.  The party returning such material may move the

13 | Court for an order compelling production of the material.

14 |       22.     This Order does not restrict or limit the use of Confidential Discovery Material at any

15 | hearing or trial and does not prevent any party from seeking an appropriate protective order to govern

16 | such use of Confidential Discovery Material at a hearing or trial.

17 |       23.     The parties and any other person or entity subject to the terms of this Order agree that the

18 | United States District Court, Southern District of Nevada, shall have jurisdiction over it and them for the

19 | purposes of enforcing this Agreement, notwithstanding any subsequent disposition of this Litigation.

20 | The parties and any other person or entity subject to the terms of this Agreement further agree that

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

Nevada law shall govern any action to enforce or relating to this Agreement.

24.     This Confidentiality Agreement may be signed in counterparts.

**IT IS SO STIPULATED.**

**MORRIS POLICH & PURDY LLP**

DATED this _30_ day of July, 2010.

BY: _____
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
TRACY A. GALLEGOS
Nevada Bar No. 9023
3883 Howard Hughes Parkway, Suite 560
Las Vegas, Nevada  89169
*Attorney for Defendant Baxa Corporation*

**HALL PRANGLE & SCHOONVELD, LLC**

DATED this _28th_ day of July, 2010.

BY: _____
KENNETH M. WEBSTER
Nevada Bar No.:  7205
777 N. Rainbow Blvd., Ste. 225
Las Vegas, NV 89107
(702) 889-6400 – Office
(702) 384-6025 – Facsimile
kwebster@hpslaw.com
*Attorneys for Cross-Claimant/Counter-Defendants*

**ORDER**

**IT IS SO ORDERED.**

DATED this _30_ day of ___July___, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION

**EXHIBT A**

**ENDORSEMENT OF AGREED PROTECTIVE ORDER**

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Agreed Protective Order for the Protection of Confidential Information dated _____, _____ (the "Protective Order"), in the above-captioned litigation entitled *Kathleen Shinn, et al. v. Baxa Corporation, et al.*, United States District Court Case No. 2:07-CV-01648-JCM-PAL; that I have been given a copy of and have read the Agreed Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreed Protective Order, indicating my agreement to be bound by the Agreed Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Agreed Protective Order.

I further agree that I shall not disclose to others, except in accord with the Agreed Protective Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Agreed Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court, Southern District of Nevada, for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Agreed Protective Order as soon as I sign this Agreement, whether or not the Agreed Protective Order has yet been entered as an Order of the Court.

Dated: _____

Signed: _____

AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIALITY INFORMATION