# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KATHLEEN SHINN and RICHARD SHINN,<br><br>Plaintiffs,<br><br>v.<br><br>BAXA CORPORATION, et al.,<br><br>Defendants. | 2:07-CV-1648 JCM (PAL)<br><br>Date:  N/A<br>Time:  N/A |

### ORDER

Presently before the court is cross-claimant/counter-defendant Baxa Corporation's ("Baxa") motion for partial summary judgment. (Doc. #119). Cross-defendant/counter-claimant Summerlin Hospital Medical Center, LLC and cross-defendants Summerlin Hospital Medical Center, LP and UHS Holding Company, Inc. ("Summerlin") have responded (doc. #127), and Baxa has replied (doc. #133).

Also before the court is Summerlin's motion for summary judgment. (Doc. #122). Baxa has responded (doc. #125), and Summerlin has replied (doc. #135).

The instant dispute concerns an incident occurring at Summer Medical Hospital Center on November 9, 2006, wherein newborn Alyssa Shinn was mistakenly given an incorrect dosage of a prescribed medicine and died. The parents of the deceased initiated litigation against Baxa and settled for an undisclosed amount. Shortly thereafter, Baxa demanded reimbursement from Summerlin for the settlement amount per written agreement between the parties. After negotiations

**James C. Mahan**
**U.S. District Judge**

between the parties failed, Baxa filed the present cross-claims (doc. #68).

I.      Baxa's Motion for Partial Summary Judgment (Doc. #119)

In the present motion (doc. #119), Baxa urges the court to grant summary judgment in its favor on its claim for breach of contract and Summerlin's counterclaim for negligence. Baxa's breach of contract claim is based on an alleged contractual obligation stemming from agreements entered into in 2003 and 2007. Specifically, Baxa argues Summerlin was contractually obligated to obtain insurance naming Baxa as an additional insured, yet failed to do so. Summerlin's negligence counterclaim stems from the lack of pre-installed warnings in the software responsible for aiding the pharmacist in gathering the medicine to fill the prescription that killed the child.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

A.      Breach of Contract

To state a claim for breach of contract, the plaintiff must allege: (1) the existence of a valid agreement between the plaintiff and the defendant; (2) performance by the plaintiff or some justification for non-performance; (3) failure to perform the contract by the defendant; and (4) damages as a result of the breach. *W. Distrib. Co. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Here, neither party disputes the existence of two valid agreements. However, the parties dispute whether the claims regarding the agreements are barred by the statute of limitation, whether the contract created an obligation to contractually indemnify, and whether the contract covered the software in question.

Summerlin argues that under Colorado law, which governs the contract pursuant to the choice of law provision, the statute of limitations for all contract actions is three years. When the

**James C. Mahan**
**U.S. District Judge**

- 2 -

2003 agreement was signed, it required Summerlin to provide Baxa with a copy of an independently purchased insurance contract. Summerlin never provided the copy, nor purchased any insurance. Summerlin argues that Baxa should have discovered the breach in 2003 by the exercise of reasonable diligence. However, it was not discovered until 2007, after the underlying action was filed. Thus, Summerlin asserts that Baxa is prevented from bringing a breach of contract claim after the statute of limitations has run.

The question of whether Baxa should have discovered the breach of contract in 2003 or at a later date, presents a genuine issue of material fact. *Murray v. Guideone Specialty Mut. Ins. Co.*, 194 P.3d 489, 491 (Colo. Ct. App. 2008) (citing *Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152, 158-59 (Colo. Ct. App. 1995) (holding that the point of accrual is usually a question of fact). As a determination about the applicable statute of limitation is necessary before the court can review the other contractual issues presented by Summerlin, Baxa's motion for summary judgment as to the breach of contract claim must be denied.

B.  Negligence

A claim for negligence requires: (1) the existence of a legal duty by the defendant to the plaintiff; (2) breach of that duty by the defendant; (3) injury to the plaintiff; and (3) a sufficient causal relationship between the defendant's breach and the plaintiff's injuries. *Connes v. Molalla Transp. Sys., Inc.*, 831 P.2d 1316, 1320 (Colo. 1992). The threshold question in any negligence action is whether the defendant owed a duty to the plaintiff to prevent injury. *Id*.

Baxa argues that summary judgment in its favor is appropriate because it did not have a duty to pre-install warning limits in the software. (Doc. #119, pg. 13). Specifically, Baxa asserts that no pharmacy in the country utilized a warning limit for the compound that killed the deceased. Without an industry standard requiring such a warning limit, Baxa asserts it had no duty to Summerlin to install warning limits. Thus, it asserts that it could not breach a duty that never existed.

Summerlin counters by arguing that Baxa knew of the probable data entry errors and had "no reason" to not design the software with such preinstalled warning limits. (Doc. #127, pg. 27). In

James C. Mahan
U.S. District Judge

- 3 -

the alternative, Summerlin argues that evidence of an industry standard at least presents a factual question that should survive summary judgment.

The court agrees with the latter argument. The question of whether Baxa, and by implication the entire industry, had a duty to install warning limits when there was no reason to not include them, is a question of material fact. *S.E.C. v. Dain Rauscher, Inc.,* 254 F.3d 852 (9th Cir. 2001) ("[g]enuine issues of material fact, as to what was [the] applicable industry standard...precluded summary judgment."). Thus, summary judgment is inappropriate and denied.

II.   Summerlin's Motion for Summary Judgment (Doc. #122)

Summerlin argues that all four counts of Baxa's cross-claim, including express contractual indemnity (count one), breach of contract (count two), breach of duty of good faith and fair dealing (count three), and declaratory relief (count four), are barred by the Colorado statute of limitations.

However, in light of the court's above ruling, summary judgment is not appropriate at this time. There is an issue of material fact regarding the reasonableness of Baxa's actions and when the statute of limitations began accruing. Specifically, there are factual issues surrounding all the counts of Baxa's cross-claim, as they are contractual claims as defined under Colorado law. *See* C.R.S. § 13-80-101(1)(a); *see also Hersh Cos. Highline Vill. Assocs.*, 30 P.3d 221, 223-24 (Colo. 2001) (holding breach of warranty covered by three year statute of limitations); *In re Mullaney*, 179 B.R. 942, 944 (D. Colo. 1995) (determining that breach of implied covenant of good faith and fair dealing is part of breach of contract claim). Therefore, Summerlin's motion for summary judgment must be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that cross-claimant/counter-defendant Baxa Corporation's motion for partial summary judgment (doc. #119) is DENIED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that cross-defendant/counter-claimant Summerlin Hospital Medical Center, LLC's and cross-defendants Summerlin Hospital Medical Center, LP's and UHS Holding Company, Inc.'s motion for summary judgment (doc. #122) is DENIED.

DATED this 2nd day of August, 2011.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**